**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GINA JANG and HOSEONG CHANG, )  )  Plaintiffs, )  ) vs. )  ) WOO LAE OAK, INC. CHICAGO, ) JIN K. JANG, CHIYOON KIM, and ) IL KWON JEONG, )  ) Defendant. ) | JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiffs, GINA JANG and HOSEONG CHANG, bring this action against Defendants, WOO LAE OAK, INC. CHICAGO, JIN K. JANG, CHIYOON KIM and IL KWON JEONG, for violating the provisions of the Fair Labor Standards Act OF 1938, as Amended (29 U.S.C. §201, et seq.), hereinafter called the Act, and to recover unpaid minimum wage and overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. §1345. This claim is a collective action under 29 U.S.C. §216(b).

**Introduction**

1. Count I of this action arises from the defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. Section 201, et. seq., (FLSA) for failure to pay plaintiffs' proper wages. This claim is a collective action under 29 U.S.C. § 216(b).

2. Plaintiffs bring Count I as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

3. Count II is a supplemental state claim which arises from defendants'

1

willful violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 (IWPCA) for failure to fully pay proper wages for all hours of work performed by plaintiffs.

4. Plaintiffs seek to make Count II a collective action by automatically adding as additional plaintiffs to Count II, those plaintiffs who consent to join the collective action in Count I.

## Jurisdiction and Venue

5. This Count has "federal question" subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331.

6. Jurisdiction over the FLSA claims are also specially conferred upon the Court pursuant to 29 U.S.C. 216(b).

7. Pursuant to 28 U.S.C. § 1367 the Court has supplemental jurisdiction over the state law claims because the state law claims are subsequently related to the FLSA claims and they form part of the same case or controversy as set out in the FLSA claims.

8. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) because the defendants reside and are domiciled with this judicial district.

## Parties

9. Defendant, WOO LAE OAK, INC. CHICAGO is and at all times hereinafter mentioned was an Illinois corporation, which operates a full service Korean restaurant located at 3201 Algonquin Rd., Rolling Meadows, Illinois, within the jurisdiction of this court, and is and at all times hereinafter mentioned was engaged in the operation of a full-service restaurant and in the performance of related types of activities.

10. Defendant, JIN K. JANG, an individual, resides at 5601 Carriageway Dr., Apt. 214, Rolling Meadows, Illinois, within the jurisdiction of this court, and is, and at

all times hereinafter mentioned acted directly or indirectly in the interest of WOO LAE OAK, INC. CHICAGO in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

11.     Defendant, CHIYOON KIM, an individual, resides within the jurisdiction of this court, and is, and at all times hereinafter mentioned acted directly or indirectly in the interest of WOO LAE OAK, INC. CHICAGO in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

12.     Defendant, IL KWON JEONG, , an individual, resides within the jurisdiction of this court, and is, and at all times hereinafter mentioned acted directly or indirectly in the interest of WOO LAE OAK, INC. CHICAGO in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

## COUNT I
## FLSA

13.     Defendants, and each of them, are engaged in interstate commerce.

14.     Defendant, WOO LAE OAK, INC. CHICAGO, is and at all times hereinafter mentioned was part of an enterprise engaged in activities performed through unified operation or common control for a common business purpose within the meaning of Section 3(r) of the Act.

15.     Defendant, WOO LAE OAK, INC. CHICAGO, is and has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and

has had an annual gross volume of sales made or business done of not less than $500,000.

16. Defendant has repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act, by paying some of its employees including plaintiffs GINA JANG and HOSEONG CHANG no wages at all, and on information and belief paying many of its employees less than the minimum wage.

17. Defendant has repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of its employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which there were employed.

18. Defendants, employers subject to the provisions of the Act, have repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed be regulations duly issued pursuant to authority granted in the Act and found in 29 CFR Part 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

19. Consents signed by the plaintiffs are filed simultaneously hereto as Exhibits A and B.

WHEREFORE, plaintiffs and each of them, demand the following relief against the defendants, jointly and severally, as follows:

A. That this Court issue conditional certification finding that this matter should proceed as a collective action;

B. That the Court preside over an opt-in process whereby all members of the prospective class receive a notice of this lawsuit and advise prospective class members that they may have a claim under the FLSA, and further notify the prospective class members they may join as a plaintiff in this lawsuit by executing a consent to sue under the FLSA, which consent form will be enclosed with the notice together with instructions;

C. That thereafter, the Court reexamine the certification after the opt-in process and discovery is completed and enter a finding that the representative plaintiffs and the putative plaintiffs are in fact similarly situated so that the lawsuit may proceed as a collective action;

D. That the Court conduct a trial to determine whether the defendants violated plaintiffs' rights under the FLSA and after such hearing, where appropriate, enter a judgment for each plaintiff in the amount of unpaid overtime wages calculated at the rate of one-half (.5) of each plaintiff's hourly wage rate multiplied by all hours each Plaintiff worked in excess of forty (40) hours per week since at least February 3, 2009, with said judgment to be entered jointly and severally against each of the defendants;

E. As additional liquidated damages for each plaintiff, enter judgment in an amount equal to the amount of unpaid overtime wages found owing to each plaintiff with said judgment being entered jointly and severally against each defendant;

F. That the Court include in said judgment statutory interest from the date said wages were owed;

G. That the Court award against defendants, jointly and severally, reasonable attorney fees and costs incurred by plaintiffs in filing this action pursuant to 29 U.S.C. § 216(b); and

H. That the Court order such further relief as this Court deems appropriate.

## **COUNT II** <br> **(IWPCA)**

1. through 19.   Plaintiffs hereby re-allege and adopt by reference as if set for the fully herein paragraphs 1 through 19 of Count I of this complaint as paragraphs 1 through 19 of this Count II.

20. There exists in the State of Illinois a statute titled the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1, et seq.

21. The IWPCA allows any employee aggrieved by a violation of the IWPCA to bring suit to enforce the Act in a civil proceeding without regard to exhaustion of any alternative administrative remedies.

22. Section 2 of the IWPCA, 820 ILCS 115/1 defines as "wages…any compensation owed an employee." It further includes as "wage supplements" the amounts that "an employer is legally committed through a collective bargaining agreement or otherwise to make contributions to an employee benefit, trust or trust fund on the basis of a certain amount per hour, day, week or other period of time."

23. Section 2 of the IWPCA, 820 ILCS 115/2 defines an "employer" as any "individual,…corporation,…for which one or more persons is gainfully employed."

24. Section 13 of the IWPCA, 820 ILCS 115/13 provides that "In addition to an individual who is deemed to be an employer pursuant to Section 2 of this Act [820 ILCS 115/2], any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed the employers of the employees of the corporation."

25. Section 2 of the IWPCA, 820 ILCS 115/2 defines "employee" as "any individual permitted to work by an employer in an occupation…"

26. The defendants, and each of them, are "employers" as defined by the IWPCA.

27. The plaintiffs, and each of them, are "employees" as defined by the IWPCA.

28. The defendants owe plaintiffs "wages" as defined by the IWPCA.

6

29. The defendants required plaintiffs to pay the credit card processing fee owed to the credit card companies by the defendants.

30. The defendants did not make deductions and payments on behalf of the plaintiffs for federal income tax, state income tax, federal social security withholdings, Illinois Employment Security payments, and workers compensation insurance payments.

31. The above described acts violated the IWPCA.

32. All defendants are liable as employers to the plaintiffs under the IWPCA for the failure of defendants to pay wages and supplemental wages.

33. Malice and fraud are the gist of this count.

WHEREFORE, plaintiffs seek the following relief:

A. That the Court immediately order defendants to pay without condition all wages due to any plaintiff or plaintiffs as provided in Section 9 of the IWPCA, 820 ILCS 115/9;

B. That the Court allow each plaintiff who gives notice of consent to joint as a plaintiff in the collective action of Count I, to be automatically added as a plaintiff to Count II at the time such plaintiff gives consent to join the collective action;

C. That the Court conduct a trial to determine whether the plaintiffs are owed wages and supplemental wages according to the IWPCA and after such hearing, if appropriate, enter a judgment for each plaintiff in the amount of unpaid wages and supplemental wages, with said judgment to be entered jointly and severally against each of the defendants;

D. That the Court include in such judgment statutory interest on the amount of wages and supplemental wages owed to plaintiff;

E. That the Court award against defendants, jointly and severally, reasonable attorney fees and costs incurred by plaintiff in filing this action pursuant to 29 U.S.C. § 216(b); and

F.  That the Court order such further relief as this court deems appropriate.

Respectfully Submitted,

/s/ Amy Elizabeth Paluch Epton
One of the Attorneys for Plaintiffs

Travis J. Ketterman
Amy Elizabeth Paluch Epton
WHITFIELD, McGANN & KETTERMAN
111 E. Wacker Dr., Suite 2600
Chicago, IL 60601
(312) 251-9700 Fax (312) 251-9701