**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GINA JANG and HOSEONG CHANG, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CASE NO. 12CV782 |
| vs. ) | |
| ) | JUDGE JOHN W. DARRAH |
| WOO LAE OAK, INC. CHICAGO, ) | |
| JIN K. JANG, CHIYOON KIM and ) | |
| IL KWON JEONG, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' MOTION FOR DEFAULT AGAINST
DEFENDANT, KEI WOOK LEE**

Plaintiffs, GINA JANG, HOSEONG and KYOUNG CHOI, by their attorney, Amy Elizabeth Paluch Epton, of Whitfield, McGann & Ketterman, respectfully move this Court for an Order of Default against President KEI WOOK LEE, and state as follows:

1. This is a Complaint for unpaid wages under the FLSA. Plaintiffs filed their Complaint on February 3, 2012. Plaintiffs filed their First Amended Complaint on December 6, 2012, naming Defendant President KEI WOOK LEE "Defendant Lee," for the first time as an individually named Defendant.

2. Defendant Lee was properly served on February 22, 2013, by service on Attorney Peter Kim. (Docket number 41).

3. Defendant Lee has failed to appear, answer or otherwise plead within the time allowed by the Federal Rules of Civil Procedure.

1

## DESCRIPTION OF SERVICE ON KEI WOOK LEE

4. This lawsuit involves allegations against KEI WOOK LEE, individually, in that he deprived Plaintiffs of all wages during their employment at the corporate restaurant.

5. The Plaintiffs filed this lawsuit on February 3, 2012. Plaintiffs filed their First Amended Complaint on December 6, 2012, and process servers attempted to serve Defendant, KEI WOOK LEE, at his residence located at 5601 Carriageway Dr., Apt. 214, Rolling Meadows, Illinois, on January 18, 2013, January 19, 2013, January 21, 2013, January 26, 2013 and January 28, 2013. Additionally, Plaintiffs attempted to serve Defendant Lee at the restaurant on February 1st, 2nd, 5th, 8th and 11th, 2013. The process server left notes for the Defendant on each occasion, and on each occasion spoke with employees who said that Defendant Lee worked there. The process server left business cards with these employees, and Defendant Lee never responded in any fashion. Plaintiffs have been unable to accomplish personal or substitute service on any of those dates. A copy of the Affidavit of Non-Service detailing these service attempts is attached as **Exhibit A.**

6. Former corporate counsel, Attorney Peter Kim represented that although he met and talked with Defendant Lee in Defendant Lee's capacity as corporate president, Attorney Kim did not represent Defendant Lee in his individual capacity.

7. On February 6, 2013, this Court heard Plaintiffs' motion for an order of alternate service on Defendant Lee, by means of service on the Corporate attorney, Peter Kim. The Court indicated that it was inclined to grant that motion. Defendant Lee, in his capacity as corporate representative, argued that the Court should not grant that

motion until Plaintiffs had attempted a waiver of service on Defendant Lee. (See **Exhibit B,** Transcript of Hearing of February 6, 2013)

8. At the end of the hearing on February 6, 2013, this Court entered and continued the motion for alternate service so that Plaintiffs could attempt to obtain a waiver of service on Defendant Lee.

9. Plaintiffs attempted a waiver of service on Defendant Lee by mailing him via certified mail, the required form. (**Exhibit C**)

10. The parties returned to Court on February 20, 2013, for the continuance of the motion for alternate service, and for Attorney Peter Kim's withdrawal of representation. Plaintiffs reported that President Lee had failed to respond to the waiver of service overture. The Court then entered an Order granting Plaintiffs Service on Defendant Lee by means of service on Peter Kim, by personal service or certified mail. Immediately following this Order, during the same February 20, 2013 hearing, the Court granted Attorney Kim leave to withdraw as counsel for the corporation. (**Exhibit D**)

11. The Court's intention by these orders was clearly that service on Attorney Kim would be valid, even though Attorney Kim had withdrawn from corporate representation. If not, the Court's Order granting service on Defendant Lee by means of service on Attorney Kim would have been nugatory, futile, or void at its inception as immediately after granting the Order, the Court entered an Order permitting Attorney Kim to withdraw.

12. The two parts of the February 20, 2013 Order, read together, must mean that service on Attorney Kim created service on Defendant Lee regardless of whether Attorney Kim was still the corporation's attorney, in order to avoid an interpretation of

the Order that is *Lex nil facit frustra, nil jubet frustra* ("The law does not do anything nor commands anyone to do anything which would be futile.)

13. Plaintiffs properly served Defendant Lee via attorney service on February 22, 2013 with an answer due March 26, 2013. (**Exhibit E**)

14. Defendant Lee admits to actual knowledge of the suit against him in Defendants' Motion to Disqualify Exhibit D to Docket #52. (See **Exhibit F**). Defendant corporation, in its reply to the Motion to Strike, Docket #65, page 3, ¶ 12, admits that Defendant Lee purposefully removed himself from the jurisdiction of the Court.

15. Under Federal Rule of Civil Procedure 4(e)(1), a Plaintiff may serve an individual defendant "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."

16. Under Illinois law, where service through personal service on an individual defendant or by substitute service on a person residing at the individual defendant's usual place of abode is impractical, a party:

> may move, without notice, that the court enter an order directing a comparable method of service. The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical [through personal or substitute service], including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful. The court may order service to be made in any manner consistent with due process.

735 ILCS 5/2-203.1.

17. As established above, service upon Mr. Lee is impractical because the Plaintiffs' process server has been unable to speak with anyone at his residence. The

process server has made five (5) attempts at service at a wide variety of times.  It appears that Defendant Lee is avoiding service because the process server left three (3) notes at the condominium where Defendant lives, and the notes were gone at the time of the process server's next visit.

18.	A special order permitting service through an attorney representing a the corporation was approved in <u>AEL Financial LLC v. Tri-City Auto Salvage, Inc.</u>, Case No. 08 C 4384 (N.D.Ill. January 30 2009) (Dow, Jr., J) (a copy of the order is attached hereto as **Exhibit G**), which noted that Illinois courts had "at least tacitly endorsed…service on an attorney where service on the attorney's client through the standard methods had proven impossible or impractical."  The court permitted service on the client via service on the attorney by personal service or certified mail, return receipt requested.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter a Judgment by Default, and order a Prove Up Hearing for Damages.

	Respectfully Submitted,


	<u>/s/ Amy Elizabeth Paluch Epton</u>
	One of the Attorneys for Plaintiffs

Travis J. Ketterman
Amy Elizabeth Paluch Epton
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois  60601
(312) 251-9700 Fax (312) 251-9701
aepton@wmklaborlaw.com