UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| GINA JANG, HOSEONG CHANG, and KYOUNG CHOI, | ) ) | |
|---|---|---|
| | ) | Case No. 12-cv-00782 |
| Plaintiffs, | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| WOO LAE OAK, INC. CHICAGO; JIN K. JANG; CHIYOON KIM; IL KWON JEONG; KEI WOOK LEE; and KAYLYN KIM, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Gina Jang, Hoseong Chang, and Kyoung Choi have brought this action, alleging that Defendants failed to pay Plaintiffs minimum wages and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1. Defendant Kaylyn Kim has moved for summary judgment, arguing that she is not an "employer" under the relevant laws and, therefore, has no personal liability for Plaintiffs' claims. For the reasons discussed below, Kim's Motion [103] is denied.

### BACKGROUND

*Local Rule 56.1*

Local Rule 56.1(a)(3) requires the party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue." Rule 56.1(b)(3) then requires the nonmoving party to admit or deny each factual statement proffered by the moving party and, in the case of any disagreement, to specifically reference the "affidavits, parts of the record, and other supporting materials relied upon." *See also Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). Rule 56.1(b)(3)(C) also permits

the non-movant to submit additional statements of material facts, likewise supported by specific references, that require the denial of summary judgment.

A litigant's failure to dispute the facts set forth in its opponent's statement in the manner required by Local Rule 56.1 deems those facts admitted for purposes of summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *see also Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) (the district court has discretion to require strict compliance with its local rules governing summary judgment). Accordingly, to the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact is admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 937 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact which relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

*Factual Background*

Plaintiffs are all former employees of the Woo Lae Oak restaurant in Rolling Meadows, Illinois. Plaintiff Gina Jang worked there from September 2009 through September 2011; Plaintiff Hoseong Chang worked there from August 2009 through February 2011; and Plaintiff Kyoung Choi worked there from February 2011 through June 2011. (Def.'s Rule 56(C)(2) Statement of Material Facts ("SOF") ¶¶ 1-3.) Plaintiffs filed this instant action on February 3, 2012, and discovery is ongoing.

Defendant Kaylyn Kim has been employed at the Woo Lae Oak restaurant since March 2010. (*Id.* ¶¶ 7-8.) Kim does not hold an ownership interest in Woo Lae Oak Inc.,

Chicago and is not an officer of Woo Lae Oak Inc., Chicago. (SOF ¶¶ 5, 6.). According to Kim's affidavit, she held the title "office manager" during the relevant time period, and her job duties included organizing office operations and procedures, designing and implementing a filing system, preparing the monthly inventory budget, reviewing and approving restaurant supply requisitions, updating licenses, and maintaining office equipment. (SOF ¶ 9; Affidavit of Kaylyn Kim ¶ 5.) In her affidavit, Kim states that she: did not have the authority to hire or fire employees such as Plaintiffs; did not supervise Plaintiffs' day-to-day job performance; did not prepare their work schedules; did not determine the rate or method of Plaintiffs' pay; and did not prepare Plaintiffs' payroll checks, although she did prepare payroll checks for some employees. (SOF ¶¶ 10, 11, 12, 14, 15.) Instead, according to Kim, Defendant Il Kwon Jeong was the "hall manager" who was responsible for firing and hiring employees and for controlling employees' work schedules, conditions and rate of pay. (SOF ¶ 16.)

In her declaration, however, Plaintiff Gina Jang claims that: Kim told the customers Kim was in charge of everything, including the restaurant's kitchen; Kim conducted interviews of job applicants; Kim held herself out to Jang and other employees as "general manager"; Kim told Jang that she would pay Jang lost wages on an hourly basis when "business gets better"; Kim overruled instructions given by Jeong to waiters on several occasions; and Kim offered to pay Jang the wages of a manager if Jang did not quit. (Plaintiffs' Statement of Additional Facts ("SAF") ¶¶ 1-8; *see also* Exh. 1, Decl. of Gina Jang.)[1] Plaintiffs also state that Kim was

---

[1] Kim has failed to file a response to Plaintiffs' Statement of Additional Facts, and this failure deems those material facts admitted under Local Rule 56.1(a).

responsible, in whole or in part, for overseeing Woo Lae Oak's financial transactions and accounting. (SAF ¶ 11.)

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory pleadings but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). A mere scintilla of evidence is not sufficient to oppose a motion for summary judgment; nor is a metaphysical doubt as to the material facts. *Robin v. ESPO Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (citations omitted). Rather, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005) (citing *Anderson*, 477 U.S. at 255). The court does not make credibility determinations or weigh conflicting evidence. *Id.*

4

**ANALYSIS**

The sole issue raised by Kim's summary judgment motion is whether she can be considered an "employer" so as to be individually liable for Plaintiffs' wage violations claims under the Fair Labor Standards Act ("FLSA") and the Illinois Wage Payment and Collections Act ("IWPCA"). Under both the FLSA and the IWPCA, "employer" is broadly defined and includes "any person" who acts "directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203 (d); 820 ILCS 105/3(c); *see also Falk v. Brennan,* 414 U.S. 190, 195 (1973). The IWPCA further includes as an employer the "agents of an employer who knowingly permit such employer to violate this Act." 820 ILCS 115/13.

In determining whether a person qualifies as an employer under the FLSA, courts employ an "economic reality" test. *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961); *see also Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 378 (7th Cir. 1991). This analysis looks at the totality of the circumstances of the employment relationship, as opposed to formalistic or technical labels. *Villareal v. El Chile, Inc.*, 776 F. Supp. 2d 778, 785 (N.D. Ill. 2011). Courts focus not on whether the individual controlled "every aspect" of an employee's job, but whether the individual "had control over the alleged FLSA violation." *Id.* (citing *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984) and *Dole v. Simpson*, 784 F. Supp. 538, 545 (S.D. Ind. 1991)); *see also Freemon v. Foley*, 911 F. Supp. 326, 331 (N.D. Ill. 1995) (explaining that so long as an individual "possesses control over the aspect of employment alleged to have been violated, the FLSA will apply to that individual"). The Seventh Circuit has observed that an individual may be treated as an employer under FLSA where the "defendant had supervisory authority over the complaining employee and was responsible in whole or in

part for the alleged violation." *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987). Although low-level supervisors, such as those without control over a corporation's payroll, generally are not individually liable under FLSA, *see, e.g., Donovan v. Agnew*, 712 F.2d 1509, 1513 (1st Cir. 1983), "[a] general manager may be personally liable for FLSA violations if he or she acted on behalf of the corporation to cause the violations." *Dole*, 784 F. Supp. at 545 (citing *Brock v. VAFLA Corp.*, 668 F. Supp. 1516 (M.D. Fla. 1987)); *see also Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 647 (N.D. Ill. 2007) (manager was liable for any FLSA violations where she had ownership interests; "ultimate authority" over hiring, firing, day-to-day operations, supervision and scheduling; and signed the checks and payroll accounts). Since IWPCA's definition of employer is essentially the same as FLSA's, courts have applied the same "totality of the circumstances" test for purposes of an IWPCA claim. *See, e.g., Brown v. BCG Attorney Search*, No. 12 C 9596, 2013 WL 6096932, at *3 (N.D. Ill. Nov. 20, 2013) (citing *Andrews v. Kowa Printing Corp.,* 814 N.E.2d 198, 206 (Ill. App. Ct. 2004)).

In this case, there is an issue of material fact whether Kim had supervisory authority and was responsible, at least in part, for the alleged violations of denying Plaintiffs their wages. *See Riordan*, 831 F.3d at 694; *see also Morgan*, 625 F. Supp. 2d at 647. Although Kim, by her affidavit, denies that she had any supervisory powers over Plaintiffs and did not control Plaintiffs' wages, Plaintiff Gina Jang's declaration disputes those statements. As discussed above, Jang states, *inter alia*, that Kim: held herself out as the "general manager"; told customers she was in charge of everything; interviewed job applicants; overruled Jeong's decisions; more than once told Jang that Kim would pay her lost wages; and offered to pay Jang the wages of a manager if Jang did not quit. (SAF ¶¶ 1-8; *see also* Exh. 1, Decl. of Gina Jang.)

Furthermore, it is undisputed that Kim did prepare payroll checks for some employees. Her assertion that she did not prepare payroll checks for Plaintiffs is not dispositive of Plaintiffs' claims that they were *denied* wages. Plaintiffs also contend that Kim was responsible, in whole or in part, for overseeing Woo Lae Oak's financial transactions and accounting, which Kim has not controverted. (SAF ¶ 11.)

Kim argues that Jang has only presented "self-serving" unsubstantiated statements and that such statements cannot defeat a motion for summary judgment. (Def.'s Reply at 6.) However, Kim has failed to respond to Plaintiffs' Statement of Additional Material Facts, which incorporates the statements made by Jang in her declaration and also asserts that Kim oversaw, at least in part, Woo Lae Oak's finances. Under Local Rule 56.1(a), Kim's failure to respond means Plaintiffs' additional material facts are deemed admitted for purposes of summary judgment. For this reason alone, summary judgment is inappropriate because Plaintiffs' additional material facts have created an issue of genuine fact. *See Bordelon*, 233 F.3d at 527 (the district court has discretion to require strict compliance with its local rules governing summary judgment). Furthermore, Jang's declaration is based on personal knowledge and does not contradict any previous sworn statements. As such, even though it may be self-serving, it can be used to support Plaintiffs' opposition to summary judgment. *U.S. v. Funds in Amount of One Hundred Thousand One Hundred and Twenty Dollars ($100,120.00)*, 730 F.3d 711, 718 (7th Cir. 2013) (stating that there is a "general rule that unsubstantiated, self-serving affidavits may be used to defeat a motion for summary judgment"); *see also Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) ("[m]ost affidavits are self-serving, as is most testimony, and this does not permit a district judge to denigrate a plaintiff's evidence when deciding whether a material

dispute requires trial."). Therefore, considering the totality of the applicable circumstances, it is disputed whether Kim exercised sufficient control regarding the claimed FLSA and IWCPA violations at issue in this case.

Reading the facts in a light most favorable to Plaintiffs, as is required, a genuine issue of material fact exists as to whether Kim can be considered an "employer" for purposes of Plaintiffs' claims. Consequently, summary judgment is denied.

## CONCLUSION

For the reasons stated above, Defendant Kaylyn Kim's Motion for Summary Judgment is denied.

Date:  December 12, 2013
                                                                     JOHN W. DARRAH
                                                                     United States District Court Judge